## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHLEEN SCHWEER, individually and on behalf all others similarly situated, | ) ) ) ) | Case No. 5:25-cv-00454-JD |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ZOOM HEALTH, LLC, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT ZOOM HEALTH, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

**COMES NOW,** Defendant Zoom Health, LLC ("Zoom" or "Defendant") and files their Answer to Plaintiff's Complaint. Defendant Answers as follows:

**NATURE OF ACTION**

1. The statements in Paragraph No. 1 contain factual and legal conclusions, to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

2. The statements in Paragraph No. 2 contain factual and legal conclusions, to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

3. Defendant denies the allegations in Paragraph No. 3 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

4. Defendant denies the allegations in Paragraph No. 4 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

5. Defendant denies the allegations in Paragraph No. 5 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

## PARTIES

6. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 6 and therefore denies the same.

7. Defendant denies all allegations contained within Paragraph No. 7 pertaining to claimed misconduct through "illegal telemarketing calls." Defendant further denies Plaintiff's claim as worded that Zoom Health is a "health insurance agency." Defendant does admit, however, that they are headquartered in Florida.

## JURISDICTION AND VENUE

8. Defendant has no objection to this Court's jurisdiction as alleged in Paragraph No. 8.
9. Defendant has no objection to this Court's jurisdiction as alleged in Paragraph No. 9.
10. Defendant has no objection to this Court's jurisdiction as alleged in Paragraph No. 10.

## TPCA BACKGROUND

11. Defendant has no objections to the statement made in Paragraph No. 11 regarding the historical course of the TCPA enactment.

12. Defendant has no objections to the statement made in Paragraph No. 12.

13. Defendant has no objections to the statement made in Paragraph No. 13.

14. Defendant has no objections to the statement made in Paragraph No. 14.

15. Defendant has not objections to the statement made in Paragraph No. 15.

## **FACTUAL ALLEGATIONS**

16. The allegations contained withing Paragraph No. 16 are admitted.

17. The allegations contained within Paragraph No. 17 are admitted.

18. The allegations contained within Paragraph No. 18 are denied.  Defendant does not conduct telemarketing calls regarding the sale of goods or services, including health insurance services.

19. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 19 and therefore denies the same.

20. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 20 and therefore denies the same.

21. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 21 and therefore denies the same.

22. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 22 and therefore denies the same.

23. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 23 and therefore denies the same.

24. The allegations contained within Paragraph No. 24 are denied. Defendant does not conduct telemarketing calls.

25. Defendant denies the allegations contained within Paragraph No. 25 as worded due to the ambiguous and vague nature of Plaintiff's statement, "did business." Defendant does not conduct telemarketing calls.

26. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 26 and therefore denies the same.

27. The allegations contained within Paragraph No. 27 are denied. Defendant does not conduct telemarketing calls. Defendant would state that the only interaction with Plaintiff was from a single phone call placed by Kathleen Schweer to Zoom.

28. Defendant has no objection to the statement made in Paragraph No. 28, regarding associated phone numbers the Plaintiff received calls and texts from. Defendant would further state that they do not conduct telemarketing calls.

29. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 29 and therefore denies the same.

30. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 30 and therefore denies the same. Defendant would state that they deny any allegation related to Zoom conducting telemarketing calls to Plaintiff or associating with illegal behavior in violation of the TCPA.

31. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 31 and therefore denies the same. Defendant would state that they deny any allegation related to Zoom conducting telemarketing calls to Plaintiff or associating with illegal behavior in violation of the TCPA.

32. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 32 and therefore denies the same. Defendant would state that they deny any allegation related to Zoom conducting telemarketing calls to Plaintiff or associating with illegal behavior in violation of the TCPA.

33. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 33 and therefore denies the same. Defendant would state that they deny any allegation related to Zoom conducting telemarketing calls to Plaintiff or associating with illegal behavior in violation of the TCPA.

34. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 34 and therefore denies the same. Defendant would state that they deny any allegation related to Zoom conducting telemarketing calls to Plaintiff or associating with illegal behavior in violation of the TCPA.

35. Defendant denies the allegations contained within Paragraph No. 35 as worded. Defendant would admit that Timothy Murphy is an agent of Zoom Health, but Defendant would state that Plaintiff authorized Timothy Murphy to send her a text message with his information and shop for health insurance on her behalf. The consent is clearly seen in Paragraph No. 37 below where Plaintiff responds with "Yes" to Timothy Murphy's inquiry. Defendant would state that they did not make this call, rather a third party sold Zoom the potential client lead in Kathleen Schweer.

36. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 36 and therefore denies the same. Defendant would state that they deny any allegation related to Zoom conducting telemarketing calls to Plaintiff or associating with illegal behavior in violation of the TCPA.

37. Defendant would state that Timothy Murphy is an agent of Zoom. Defendant would also make note that it is clear in the text messages shown within Paragraph No. 37 that Plaintiff consented to this correspondence. Defendant would state that they deny any allegation related to Zoom conducting telemarketing calls or text messages to Plaintiff or associating with illegal behavior in violation of the TCPA.

38. The allegations in Paragraph No. 38 are denied. Defendant Zoom is a company that shops for health insurance on the customer's behalf if consented to. Zoom is not a health insurance agency that sells health insurance.

39. The allegations contained withing Paragraph No. 39 are denied. Defendant would state that they do not conduct telemarketing calls.

40. The allegations contained within Paragraph No. 40 are denied.

41. The allegations in Paragraph No. 41 are denied. Plaintiff clearly consented in the text message conversation after Zoom received the potential client lead from the third party telemarketing agency.

42. See response to Paragraph No. 25.

43. The allegations contained within Paragraph No. 43 are denied.

44. The allegations contained within Paragraph No. 44 are denied.

45. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 45 and therefore denies the same. Defendant would state that Plaintiff consented to the conversation with agent Timothy Murphy

46. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 45 and therefore denies the same. Defendant would state that Plaintiff consented to the conversation with agent Timothy Murphy

47. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph No. 45 and therefore denies the same. Defendant would state that Plaintiff consented to the conversation with agent Timothy Murphy

48. The allegations contained within Paragraph No. 48 are denied.

49. Defendant believes that any improper activity was conducted by a third party, who Defendant intends to join in this matter under Rule 14.

## CLASS ACTION ALLEGATIONS

50. Defendant denies the allegations in Paragraph No. 49 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

51. Defendant has no objections to the Plaintiff's Class definition proposal.

52. Defendant denies the allegations in Paragraph No. 51 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

53. Defendant has no objections to the Plaintiff's Class exclusion terms.

54. Defendant denies the allegations in Paragraph No. 53 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

55. Defendant denies the allegations in Paragraph No. 54 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

56. Defendant denies the allegations in Paragraph No. 55 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

57. Defendant denies the allegations in Paragraph No. 56 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

58. Defendant denies the allegations in Paragraph No. 57 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

59. Defendant denies the allegations in Paragraph 58 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

60. Defendant denies the allegations in Paragraph 59 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

61. Defendant denies the allegations in Paragraph 60 of the Complaint and deny the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

62. Defendant denies the allegations in Paragraph 61 regarding the existence of a class. Defendant has no objection towards the Plaintiff's statement that her counsel have experience in these types of complaints. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

63. Defendant denies the allegations in Paragraph 62 regarding the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

64. Defendant denies the allegations in Paragraph 62 regarding the existence of a class. Further, Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

## FIRST CAUSE OF ACTION

65. Defendant incorporates their responses to Paragraph Nos. 1-62 above.

66. The allegations contained within Paragraph No. 65 are denied.

67. The allegations contained within Paragraph No. 66 are denied.

68. The allegations contained within Paragraph No. 67 are denied. Further, Defendant denies the existence of a class. Defendant requests this Court hold a hearing to determine if a class exists prior to any further discovery in this matter.

Plaintiff's WHEREFORE Paragraph parts A-C are denied.

Defendant further denies Plaintiff's demand for jury trial Paragraph as Zoom believes this cannot be tried as a class action matter. Defendant requests a Court hold a hearing to determine if a class exists.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim for which relief can be granted, including but not limited to the class allegations.

2. Failure to mitigate damages.

3. Plaintiff's claimed damages were caused in whole or in part by Plaintiff and/or third parties over which Defendant has no control.

4. Defendant states that any damages were caused by a third party, which this Defendant has no control over.

5. No act or omission on the part of Defendant was the proximate cause of Plaintiff alleged damages.

6. Plaintiff's injuries were not foreseeable to Defendant.

6. Defendant reserves the right to assert additional affirmative defenses and matters constituting avoidance.

WHEREFORE, having answered, Defendant requests this Court deny all relief sought by way of Plaintiff's Complaint, award Defendants their costs and grant any further relieve to which they are entitled.

Dated: June 2, 2025.                    Respectfully submitted,

**Gordon Rees Scully Mansukhani, LLP**

_____
Gregg J. Lytle - OBA #20759
Jacob N. Popp – OBA #35929
8211 East Regal Place, Suite 100
Tulsa, Oklahoma 74133
Telephone: (539) 235-5520
glytle@grsm.com
jpopp@grsm.com
Attorneys for Zoom Health, LLC

## CERTIFICATE OF SERVICE

   The undersigned certifies that a true and correct copy of the foregoing document was served on the following counsel of record by the means indicated on June 2, 2025:

**Via U.S. Mail/EMAIL**

Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit Ave Suite 200
Tulsa, OK 74120
Tel: (918) 347-6169
Matthew@iaelaw.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Andrew Roman Perrong, Esq.
W.D. Oklahoma #24-217
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529
Facsimile: 888-329-0305
a@perronglaw.com

Attorneys for Plaintiff

              _/s/ Gregg J. Lytle_____
              **GREGG J. LYTLE**