### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN SCHWEER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOM HEALTH, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-25-00454-JD<br>)<br>)<br>)<br>)<br>) |

### SHOW CAUSE ORDER AND ORDER SETTING HEARING

On June 9, 2025, the Court ordered Defendant Zoom Health, LLC to file a disclosure statement meeting the requirements of Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1.1. [Doc. No. 9]. On June 10, 2025, Defendant filed a Corporate Disclosure Statement, and on June 12, 2025, the Court struck that statement and again ordered Defendant to file a disclosure statement compliant with Local Civil Rule 7.1.1, this time on or before June 26, 2025. *See* [Doc. Nos. 11, 12]. The Court explained that Defendant was required to identify its members or partners, as Defendant is a limited liability company. *See* [Doc. No. 12].

On June 16, 2025, Defendant filed a second Corporate Disclosure Statement, and that statement was stricken as being a duplicate of the previously stricken document. *See* [Doc. No. 13 and June 17, 2025 docket text notice]. The Court again ordered Defendant to file a compliant disclosure statement pursuant to its prior order of June 12, 2025. *See* [June 17, 2025 docket text notice].

When no proper disclosure statement was filed by the Court's deadline of June 26, 2025, the Court issued a Show Cause Order on July 1, 2025, for Defendant to show cause by July 8, 2025, why Defendant had not filed a disclosure statement compliant with the Court's orders and Local Civil Rule 7.1.1, and why Defendant or its counsel should not be sanctioned. *See* [Doc. No. 14 at 1]. In addition, the Court's Show Cause Order ordered Defendant to immediately comply by submitting a compliant disclosure statement. *See id.* at 1–2. The Court explained that Defendant and its counsel are delaying the Court's ability to move forward with this action by their repeated failures to comply and repeated necessitation of judicial action and orders. *See id.* at 2.

On July 2, 2025, Defendant filed a third Disclosure Statement, which still fails to comply with Local Civil Rule 7.1.1 and this Court's orders. [Doc. No. 15].[1] Moreover, Defendant has not filed a response to the Court's Show Cause Order of July 1, 2025, and the deadline of July 8, 2025, has now passed.

Upon review of the filings in this matter, the Court **ORDERS** Defendant and Defendant's counsel, Gregg J. Lytle, to appear in person before the Court on **Friday, August 8, 2025, at 1:00 p.m.**, at the William J. Holloway, Jr., United States Courthouse, 200 N.W. 4th Street, Courtroom 502, Oklahoma City, Oklahoma 73102, **AND SHOW**

---

[1] This latest filing indicates that Zoom Health, LLC, which is named as a limited liability company, is a corporation. *See* [Doc. No. 15 at 1 (checking a box representing that Defendant is a corporation)]. This strikes the Court not only as contrary to Defendant's naming as a limited liability company, but also as contrary to publicly available information from the Florida Secretary of State, which indicates that Zoom Health LLC is a Florida limited liability company, not a corporation.

**CAUSE** why Defendant and Mr. Lytle should not be held in civil contempt and/or otherwise sanctioned for their failure to comply with the Court's orders and failure to comply with the provisions of the local rules on filing a disclosure statement concerning a party formed as a limited liability company. *See* LCvR7.1.1. Plaintiff and Plaintiff's counsel are welcome to attend and be heard at the hearing.

Additionally, in advance of the hearing, the Court invites the parties to file their respective positions as to any appropriate sanction at least fourteen days in advance of the hearing date, or by **July 25, 2025**.

At the hearing on August 8, 2025, the Court will hear evidence and make a factual determination, including any credibility determinations that may be necessary, as to whether Defendant and/or Mr. Lytle should be held in civil contempt of court or otherwise sanctioned.

Failure to appear and comply with this Court's Show Cause Order is sanctionable conduct under the Federal Rules of Civil Procedure. All other deadlines remain in place. *See* [Doc. No. 10].

IT IS SO ORDERED this 10th day of July 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE