IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN SCHWEER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOM HEALTH LLC<br><br>Defendant. | Case No. 5:25-cv-00454-JD |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:

Appearing for Plaintiff: Anthony Paronich

Appearing for Defendant: Gregg Lytle

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    **Plaintiff's Position**: This case involves a campaign by Zoom Health and their vendors, who made telemarketing calls to market their insurance services by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"). The Plaintiff is seeking to represent the following class of individuals:

**National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Defendant's Position**: Zoom Health does not conduct any telemarketing calls to market the sale of insurance. Zoom Health relies on third party entities to communicate with prospective clients and inform Zoom Health of their interest and desire for contact. In this instance, Kathleen Schweer gave her permission for Zoom Health to contact her regarding interest in the health insurance market. Zoom Health was unaware Ms. Schweer was listed on the Do Not Call Registry as a third party had made initial contact, not Zoom Health.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

- Plaintiff Kathleen Schweer is an individual who has a 580 area code number, which is associated with this District.

- Defendant Zoom Health LLC is a Florida based health insurance agency

- Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including her own.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a. <u>Plaintiff</u>: The Plaintiff seeks certification of the class and statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation.

    b. <u>Defendant</u>: The Defendant seeks dismissal from this suit and for Plaintiff's claims to be directed towards the third-party vendor whom placed the initial phone call to Kathleen Schweer, an individual on the Do Not Call Registry.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
    ☐ Yes  X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

The Plaintiff will eventually file a class certification motion, and she has proposed a date below.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes   X No

If "no," by what date will they be made? **July 21, 2025**

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on **June 20, 2025.**_____.

    B. The parties anticipate that discovery should be completed within __**9**__ months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? _____**6 months**_____.

D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

   X Yes ☐ No

E.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

   X Yes ☐ No

   To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

   **The parties will include that proposal in any proposed protective order.**

F.  Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
   **None.**

9. **ESTIMATED TRIAL TIME**: **5 days**

10. **BIFURCATION REQUESTED**: ☐ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good     ☐ Fair  X Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

   A.  Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    No

   B.  The parties request that this case be referred to the following ADR process:

      X Court-Ordered Mediation subject to LCvR 16.3
      ☐ Judicial Settlement Conference

☐ Other _____
☐ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>? ☐ Yes   X No

14. <u>Type of Scheduling Order Requested</u>.  X Standard -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 15th day of July, 2025

                PLAINTIFF,
                By her attorney


                */s/ Anthony I. Paronich*
                Anthony I. Paronich, *pro hac vice*
                Paronich Law, P.C.
                350 Lincoln Street, Suite 2400
                Hingham, MA 02043
                (508) 221-1510
                anthony@paronichlaw.com
                **Attorney for Plaintiff**


                _____
                Gregg J. Lytle, OBA # 20759
                Gordon Rees Scully Mansukhani
                8211 E. Regal Pl. Ste. 100
                Tulsa, OK 74103
                (539) 235-5522
                glytle@grsm.com
                *Attorney for Defendant*