IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHLEEN SCHWEER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-00454-JD |
| | ) | |
| ZOOM HEALTH, LLC, | ) | <u>August 2026</u> **TRIAL DOCKET** |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

Date  <u>07/15/2025</u>          Judge <u>Jodi W. Dishman</u>          Deputy Clerk <u>Nyssa Vasquez</u>

The Court is in receipt of the parties' report under Federal Rule of Civil Procedure 26(f) [Doc. No. 17], and upon review issues this scheduling order. *See* Fed. R. Civ. P. 16(b)(1)(A). The parties are ORDERED to file a motion for a status conference if needed in the future or to indicate a conference is needed in the midway discovery joint status report required in paragraph 21 below.

☒ **JURY TRIAL DEMANDED**  -  ☐ **NON-JURY TRIAL**

**THE FOLLOWING DEADLINES ARE SET BY THE COURT**

1. Motions to **join additional parties** to be filed by <u>within 14 days of this order</u>.

2. Motions to **amend pleadings** to be filed by <u>within 14 days of this order</u>.

3. Plaintiff to file final list of **expert witness(es)** in chief and serve **expert reports** by <u>January 21, 2026</u>.*

   Defendant to file final list of **expert witness(es)** in chief and serve **expert reports** by <u>February 4, 2026</u>.*

4. Plaintiff to file a final list of **witnesses,** together with addresses and brief summary of expected testimony where a witness has not already been deposed, by <u>February 4, 2026</u>.*

   Defendant to file a final list of **witnesses** (as described above) by <u>February 18, 2026.</u>

5. Plaintiff to file final **exhibit list** by <u>February 4, 2026</u>.* Defendant to file **objections** to plaintiff's final exhibit list, under Fed. R. Civ. P. 26(a)(3)(B) by <u>February 18, 2026</u>.

   Defendant to file final **exhibit list** by <u>February 18, 2026</u>.* Plaintiff to file **objections** to defendant's final exhibit list, under Fed. R. Civ. P. 26(a)(3)(B) by <u>March 4, 2026</u>.

   ***The listing of witnesses and exhibits shall separately state those expected to be called or used and those which may be called or used if the need arises. <u>Except for good cause shown, no</u>**

**witness will be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness or exhibit was included in the party's filed witness or exhibit list.**

6. **Discovery** to be completed by April 6, 2026.

    **All discovery motions shall be filed at least 30 days in advance of the discovery deadline absent extraordinary circumstances.**

7. All **dispositive and *Daubert* motions** to be filed by April 6, 2026.

8. **Trial docket August 11, 2026.**\*\*

    **\*\*The published trial docket will announce the trial setting on the trailing docket. Pretrial conferences will be held approximately two weeks in advance.**

9. **Designations of deposition testimony** to be used at trial to be filed by July 6, 2026. Objections and counter-designations to be filed by July 13, 2026. Objections to counter-designations to be filed by July 20, 2026.

10. **Motions *in limine*** to be filed by July 6, 2026.\*\*\*

    **\*\*\*Motions *in limine* shall be consolidated into a single filing that is subject to the page limitation in LCvR7.1(e). The motion must include a certificate of conference reciting the efforts made to confer with opposing counsel regarding motions *in limine*. Parties are expected to include only disputed issues in their motion *in limine*. Parties must attach to the motion or otherwise submit to the Court the disputed evidence that is at issue.**

11. **Requested voir dire** to be filed by July 6, 2026.

12. **Trial briefs** (optional unless otherwise ordered) to be filed by July 6, 2026.

13. Requested **jury instructions** to be filed on or before July 6, 2026.\*\*\*\*
    **\*\*\*\*The parties must submit an agreed set of Joint Jury Instructions and, if applicable, separate jury instructions that are unique to each party. Plaintiff shall be responsible for circulating the first draft of Joint Jury Instructions at least ten (10) days before July 6, 2026.**

    **The parties must submit their proposed Joint Jury Instructions and, if applicable, separate supplemental jury instructions and findings of fact and conclusions of law in Word format to the Clerk via the Court's designated mailbox: dishman-orders@okwd.uscourts.gov. If the parties are using pattern jury instructions, they must redline any proposed deviations to the pattern instructions in the copy submitted to the Court's designated mailbox.**

14. Proposed **findings of fact and conclusions of law** to be filed not later than July 6, 2026.\*\*\*\*

15. Any **objection or response to the trial submissions** referenced in ¶¶ 10, 11, 12, 13, or 14 to be filed by July 20, 2026. Any response to motions *in limine* shall be consolidated and subject to the page limitation in LCvR7.1(e). No replies will be permitted, unless ordered by the Court.

16. The **Final Pretrial Report**, approved by all counsel, and in full compliance with LCvR16.1(c)(1) (See Appendix IV), shall be filed by plaintiff's counsel. A proposed order approving the report shall be submitted to the Court via the Court's designated mailbox: dishman-orders@okwd.uscourts.gov, July 6, 2026.

    The **Final Pretrial Report** shall include as an attachment and/or exhibit the following: (i) a list of "Joint Exhibits" to

      be used at trial by all parties, and (ii) separate exhibit lists for exhibits that are unique to each party ("Plaintiff's Additional Exhibit List" and "Defendant's Additional Exhibit List").

17. This case is referred to ADR:

    ☐ Mediation, by agreement of the parties, exempt from LCvR16.3.
    ☒ Court-Ordered Mediation subject to LCvR16.3.
    ☐ Judicial Settlement Conference
    ☐ Other _____.

    If the Court orders mediation, the process shall be completed and the parties shall communicate by notice to the Court stating whether the case settled by **February 13, 2026, but the parties may agree to mediate sooner than the Court's deadline**.

18. The parties consent to trial by a Magistrate Judge. Yes ☐ or No ☒

19. **Initial disclosures** pursuant to Fed. R. Civ. P. 26 have been made ☐; are excused ☐; or ☒ shall be made not later than **Monday, July 21, 2025**.

20. Documents referenced within the initial disclosures pursuant to Fed. R. Civ. P. 26 have been made ☐; are excused ☐; or ☒ shall be made not later than **Monday, July 21, 2025**.

21. The Court further ORDERS counsel for the parties to advise this Court through a brief **Joint Status Report** of any and all updates regarding the status of discovery (including the relevant dates of written, deposition, and third-party discovery), anticipated motions, and overall status of this case by **Monday, November 24, 2025**. Plaintiff's counsel shall initiate the report and circulate a draft to all other parties at least seven (7) days before the filing deadline. Plaintiff's counsel shall be responsible for filing the report by the deadline.

22. **Federal Rules of Civil Procedure 1, 6(b), and 16(b)(4), and good cause/excusable neglect standards for extensions discussed**. Case Citations: *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993); Tesone v. Empire Mktg. Strategies, 942 F.3d 979 (10th Cir. 2019); Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230 (10th Cir. 2014); United States v. Torres, 372 F.3d 1159 (10th Cir. 2004).*

23. For additional requirements, please see *Judge Dishman's Chamber Procedures for Civil Cases and Civil Cases: Guidelines for Protective Orders on Confidentiality, Sealing Documents, and Redactions*, available on the Court's website under Chambers Rules.

24. Other: <u>The Court advises of the following:</u>

    a) Chambers Procedures and Guidelines for Protective Orders on Confidentiality, Sealing Documents, and Redactions for Civil Cases. Any future filings that do not comply with this Court's Local Rules, W.D.O.K. ECF Policies & Procedures Manual, or the Federal Rules of Civil Procedure will be stricken. All parties (whether pro se or represented) are held to the same rules and standards.

    b) **Stipulated Facts**. The Court advises that stipulated facts can always be supplemented and filed in this case.

    c) **Fed. R. Civ. P. 5.1 on constitutional challenge.** The Joint Status Report confirms there is no constitutional challenge at issue. [*See* Doc. No. 17 at ¶ 5].

    d) **Anticipated Motions**. Motions for Summary Judgment must be filed in accordance with Fed. R.

Civ. P. 56 and LCvR56.1. Should the parties desire to enter a protective order on confidentiality in this case, the deadline to do so is without delay, and the parties are directed to use this Court's form, with any redlines. The Court's judicial assistant has e-mailed a copy of this Court's protective order form on July 15, 2025.

e) **Depositions**. Through this Order, the Court reminds the parties they are expected to reach stipulations and agreements regarding number of depositions and scheduling depositions by videoconference, telephone, or remote means, as provided by Fed. R. Civ. P. 30(b)(4). However, should any disputes arise that counsel for the parties cannot resolve they are ordered to bring such matter to the Court's attention immediately.

f) The Court reminds counsel through this Order of the legal standards for modification of deadlines in this Order in paragraph 22. Discovery scope is governed by Rule 26(b)(1). **Pursuant to this Order, the parties are reminded of obligation to supplement discovery responses and initial disclosures under Rule 26(e)**.

g) **Scheduling Order Deadlines**. The Court sets this case on the **August 2026 Jury Trial Docket**.

h) **ADR**. At the request and agreement of the parties, this case will be referred for court-ordered mediation to be completed **not later than February 13, 2026** (*see* Paragraph 17 above). However, at any point should the parties resolve this matter, counsel may reach out to Courtroom Deputy, Nyssa Vasquez, for an Administrative Closing Order. If the parties agree they would request a judicial settlement conference with a U.S. Magistrate Judge instead of court-ordered mediation, they must file a joint motion for judicial settlement conference no later than 90 days before their mediation deadline of February 13, 2026.

i) **There have been no federal district court entries of appearance filed by Andrew Roman Perrong or Matthew D. Alison for Plaintiff or Gregg J. Lytle for Defendant. Unless and until these attorneys file entries of appearance in this case,** *see* **Notice [Doc. No. 10] ¶ 4, and LCvR83.4, the Court will strike filings made by these attorneys and they will not be allowed to participate in hearings or conferences with the Court.**

Dated this 15th day of July 2025.

                                BY ORDER OF THE COURT
                                JOAN KANE, CLERK OF COURT


                                By: /s/ Nyssa Vasquez
                                        Deputy Clerk


Copies to all parties